IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VERONICA VALENTINE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV249 |
| | ) | |
| v. | ) | |
| | ) | |
| WADIE THOMAS, CUNNINGHAM, JUVENILE COURT OF NEBR, PALERNO, and JAMES, | ) ) ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) | |

Plaintiff, a non-prisoner, filed her Complaint in this matter on June 7, 2016. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sues the Juvenile Court of Nebraska and four individuals requesting that everyone who is proceeding in forma pauperis in the Nebraska Juvenile Court be provided a free bill of exceptions for appeal and that she, in particular, needs a bill of exceptions free of charge "to vindicate our constitutional rights of Due process/equal Protection." Plaintiff is apparently attempting to appeal a decision of the juvenile court involving the removal of her child from her home, but is being required to pay for a bill of exceptions although she is proceeding in forma pauperis. (Filing No. 1.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff's Complaint requests injunctive relief in the form of a directive to the Nebraska Juvenile Court that it should provide to Plaintiff, free of charge, a bill of exceptions for purposes of appeal. Although not at all clear, Plaintiff could also be requesting an injunction to stop the continuing deprivation of her parental rights. Finally, Plaintiff could also be challenging a juvenile-court judgment.

### A. Domestic-Relations Exception to Federal Jurisdiction

Plaintiff's claims for injunctive relief are subject to dismissal under the domestic relations exception to federal court jurisdiction. It is well-settled that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94 (1890). Even if this court were to liberally construe Plaintiff's Complaint to allege that she requests relief from the continued deprivation of her parental rights in violation of her constitutional rights, the substance of such claims concern state-law domestic relations matters. This is particularly so where it is clear from Plaintiff's allegations that her son's care and custody is the subject of a juvenile court case in Nebraska Juvenile Court that she seeks to appeal. *See Overman v. U.S.*, 563 F.2d 1287, 1292 (8th Cir. 1977) ("There is, and ought to be, a continuing federal

2

policy to avoid handling domestic relations cases in federal court in the absence of important concerns of a constitutional dimension. . . . Such cases touch state law and policy in a deep and sensitive manner and as a matter of policy and comity, these local problems should be decided in state courts.") (internal quotations omitted).

## B. Younger Abstention

Further, even if this court did not lack jurisdiction based on the domestic relations exception, this court is without jurisdiction over Plaintiff's claims for injunctive relief under the abstention doctrine set out by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Under *Younger*, abstention is mandatory where: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue open for review of constitutional claims in the state court. *See Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004) ("Under *Younger v. Harris*, federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism.")

Here, each of the three *Younger* conditions is satisfied. First, the state proceeding in the Nebraska Juvenile Court, and the appeal therefrom, are apparently ongoing. Second, disputes concerning the care and custody of minors implicate important state interests. Third, there is no indication that the state courts could not afford Plaintiff the opportunity for judicial review of any civil rights challenges. Accordingly, Plaintiff's claims for injunctive relief are dismissed for lack of subject matter jurisdiction. *Carson P. ex rel. Foreman v. Heineman*, 240 F.R.D. 456, 529 (D. Neb. 2007) ("'federal court oversight of state court operations, even if not framed as direct review of state court judgments' . . . is problematic, calling for *Younger* abstention. . . . The relief that the plaintiffs seek would interfere extensively with the ongoing state proceedings for each plaintiff." (quoting *31 Foster Children v. Bush*, 329 F.3d 1255, 1278-1279 (11th Cir. 2003)).

3

## C.  Rooker-Feldman Doctrine

To the extent Plaintiff's Complaint can be construed to challenge a judgment of the juvenile court, this court also lacks jurisdiction. Only the Supreme Court has the authority to entertain a proceeding to reverse or modify a state court judgment. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *see also* 28 U.S.C. § 1257(a) (granting the United States Supreme Court the power to review final judgments rendered by high courts of a state).  In addition, federal courts do not have jurisdiction to review final state court judgments in judicial proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983). Together, these two principles have merged to become the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine stands for the proposition that federal district courts lack subject matter jurisdiction to review final state judgments or to review claims that are inextricably intertwined with state court decisions. *See Riehm v. Engelking*, 538 F.3d 952, 964 (8th Cir. 2008) (explaining limited scope of the *Rooker-Feldman* doctrine); *see e.g.*, *Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (concluding *Rooker-Feldman* doctrine barred the district court from considering plaintiff's claim that the state court unconstitutionally infringed on his parental rights); *Amerson v. Iowa*, 94 F.3d 510, 513 (8th Cir. 1996) (stating that it is "inappropriate for a federal court to address a claim that necessitates invalidating a state court judgment on a matter committed to the states in order to grant the relief sought"). It is not possible for the court to grant the requested relief without disrupting the judicial process of the Nebraska Juvenile Court.

## IV.  CONCLUSION

Because an amendment to Plaintiff's complaint would be futile, the court will dismiss this action because Plaintiff may not use this lawsuit to interfere with actions that have been decided or are pending in a state juvenile case.[1]

IT IS ORDERED:

1. For the reasons stated above, this action is dismissed without prejudice.

2. Judgment shall be entered by separate document.

DATED this 14th day of June, 2016.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge

---

[1]There does appear to be authority allowing Plaintiff to receive a bill of exceptions free of charge in order to appeal the juvenile court's judgment:

> In civil or criminal cases in which a party is permitted to proceed in forma pauperis, the court shall direct that the expenses of printing the record on appeal, if such printing is required by the appellate court, be paid by the county in the same manner as other claims are paid.

Neb. Rev. Stat. § 25-2305 (Westaw 2016).  *See also* Neb. Rev. Stat. § 25-2301.01 (Westlaw 2016) ("Any county or state court, except the Nebraska Workers' Compensation Court, may authorize the commencement, prosecution, defense, or appeal therein, of a civil or criminal case in forma pauperis."); Neb. Rev. Stat. § 25-2307 (Westlaw 2016) ("In any civil or criminal case in which a party is permitted to proceed in forma pauperis, on appeal the court shall direct that the expense of printing of the appellate briefs, if such printing is required by the court, be paid by the county in the same manner as other claims are paid.").